# EXHIBIT A

## SETTLEMENT AGREEMENT

This settlement agreement and mutual release of liability (the "Agreement") is made by and between Anthony H. Mason, as Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of In re: Arthur and Kimberly Hoffman, Case No. 2:20-bk-04911-BKM (the "Bankruptcy Case") and Ameriprise Financial Services Inc. ("Ameriprise"). The parties hereto are sometimes individually referred to herein as a "Party" and collectively as the "Parties."

## RECITALS

1.  On or about November 17, 2016, Debtor Arthur Hoffman joined Ameriprise as an Independent Advisor and executed a Franchise Agreement between Debtor Arthur Hoffman and Ameriprise;

2.  In early 2020, Ameriprise became aware of certain compliance issues with Debtor Arthur Hoffman and initiated an investigation into Hoffman's conduct and activities, resulting in Ameriprise issuing a Notice of Suspension and Termination to Debtor Arthur Hoffman on March 17, 2020.

3.  Based on Hoffman's violations of the Franchise Agreement, the Notice provided that Hoffman was immediately suspended, and that his termination would become effective on June 15, 2020;

4.  On or about April 16, 2020, Debtor Arthur Hoffman entered into a Buy/Sell Agreement with two individuals seeking to sell his Ameriprise Franchise for a total purchase price of $185,890.75;

5.  A provision of the Buy/Sell Agreement provided Ameriprise a right of first refusal to the sale of Debtor Arthur Hoffman's Ameriprise Franchise;

6.  On or about May 5, 2020, Debtor Arthur Hoffman securities license was revoked by the Financial Industry Regulatory Authority ("FINRA") with the consent of the Debtor;

7.  Immediately thereafter Ameriprise, pursuant to a series of violations of the Franchise Agreement, terminated Debtor Arthur Hoffman;

8.  On or about May 11, 2020 ("Petition Date") the Debtor filed for relief under Chapter 7 of the United States Bankruptcy Code.

9.  The Trustee has investigated the circumstances surrounding the Debtor's remaining interest in his former Ameriprise Franchise and the Buy Sell Agreement.

10. Whereas without admitting the truth or validity of any claim or defense, the Parties desire to settle all claims that the Trustee or the Estate may have regarding Debtor Arthur Hoffman's former Ameriprise Franchise and the Buy Sell Agreement ("Ameriprise Interests").

11. This Agreement does not affect or otherwise release any claims that Ameriprise may assert in the Bankruptcy Case based on outstanding loan and indemnification obligations

owed by Hoffman to Ameriprise that remain outstanding, and Ameriprise shall retain the right and ability to file or otherwise assert a claim against the estate.

## AGREEMENT

In consideration of the above Recitals and the mutual promises contained herein, and for other good and valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

A. <u>Payment of Settlement Funds.</u> Upon approval of this Agreement, Ameriprise Financial Inc. shall deliver $25,000 ("Settlement Funds") to Trustee in the form of certified funds made payable to "Anthony H. Mason, Chapter 7 Trustee in 2:20-bk-04911". Settlement Funds shall be mailed directly to the Trustee at Anthony H. Mason, PO Box 27028 Tempe, AZ 85285-7028.

B. <u>Approval of Agreement</u>. This Agreement is conditioned on the approval of the Bankruptcy Court. If such approval is not obtained, this Agreement shall be considered null and void.

C. <u>Rule 9019 Motion</u>. Upon execution of this Agreement, Trustee shall file a motion for approval of this Agreement with the Bankruptcy Court pursuant to Bankruptcy Rule 9019, and shall provide appropriate notice of the same as required by the Bankruptcy Rules and local rules of bankruptcy procedure, and shall actively seek the Bankruptcy Court's approval of the same.

D. <u>Mutual Releases</u>. The Trustee hereby, on his own behalf and on behalf of his attorneys, employees, partners, agents, predecessors, successors, assigns, assignors, and legal representatives, releases and forever discharges Ameriprise Financial Inc. and its attorneys, employees, agents, predecessors, successors, assigns, assignors, executors, administrators, and legal representatives from any and all claims arising out of or relating to the Ameriprise Interests, except claims relating to enforcement of rights, duties or obligations under this Agreement.

Ameriprise hereby, on its own behalf and on behalf of its attorneys, employees, partners, agents, predecessors, successors, assigns, assignors, and legal representatives, releases and forever discharges the Trustee and Trustee's attorneys, employees, agents, predecessors, successors, assigns, assignors, executors, administrators, and legal representatives from any and all claims arising out of or relating to the Ameriprise Interests, except claims relating to enforcement of rights, duties or obligations under this Agreement. This release by Ameriprise does not release, affect or otherwise limit Ameriprise's right and ability to file or otherwise assert a proof of claim against the Estate, including but not limited to claims for outstanding loan amounts and indemnification obligations owed by Hoffman.

E. <u>Attorneys' Fees</u>. Each Party hereto shall be responsible for the payment of its own costs, attorneys' fees and all other expenses incurred in connection with the Trustee's investigation and this Agreement. If any Party commences an action against the other Party to enforce or interpret any of the terms hereof, the losing or defaulting Party shall pay to the prevailing Party as

2

determined by the court all costs and expenses, including reasonable attorneys' fees and disbursements, incurred in connection with the prosecution or defense of such action.

F. <u>Further Assurances</u>. The Parties to this Agreement shall execute any further or additional instruments, and they shall perform any acts which may become necessary, in order to effectuate and carry out the purposes hereof.

G. <u>Entire Agreement</u>. This Agreement contains the entire agreement and understanding among the Parties concerning the subject hereof and supersedes and replaces all prior negotiations, agreements and proposed agreements, written or oral, relating thereto. Each of the Parties hereto acknowledges that no other Party, nor any agent or attorney of any Party, has made any promise, representation, or warranty whatsoever, express or implied, not contained herein concerning the subject matter hereof, to induce it to execute this Agreement and acknowledges that this Agreement has not been executed in reliance on any promise, representation or warranty not contained herein. This Agreement shall not be amended, modified or supplemented at any time unless by a writing executed by the Parties hereto.

H. <u>Opportunity to Consult with Counsel</u>. The Parties acknowledge that they have had the opportunity to consult with and obtain the advice of counsel prior to entering this Agreement, and have entered this Agreement voluntarily and free from coercion, duress or undue influence.

I. <u>Governing Law</u>. This Agreement shall be governed by and construed in accordance with the laws of the state of Arizona applicable to contracts executed and intended to be performed entirely within the state of Arizona by residents of the state of Arizona. Any action at law, suit in equity or judicial proceeding for the enforcement or interpretation of this Agreement or any provision therefore shall be instituted only in the Bankruptcy Court.

J. <u>Counterparts</u>. This Agreement may be signed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

K. <u>Representation of Authority</u>. The signatories to this Agreement represent and warrant that they have full authority to execute this Agreement and to bind the Party on whose behalf they are signing to the provisions hereof.

L. <u>Severability</u>. Should any portion of this Agreement be ruled unenforceable or invalid, such ruling shall not affect the enforceability or validity of the remaining portions of this Agreement.

M. <u>Headings</u>. Article and section headings are inserted herein solely for convenience and the same shall not by themselves alter, modify, limit, expand or otherwise affect the meaning of any provision of this Agreement.

N. <u>Assignment and Binding Effect</u>. This Agreement shall be binding upon and shall inure to the benefit of the Parties hereto and their respective successors and assigns; provided, however, that nothing herein shall relieve any Party of any obligation under this Agreement, except upon the express written consent of the other Party.

O.  Interpretation. This Agreement shall be interpreted fairly in light of the intentions of the Parties as set forth in this Agreement. The Parties each hereby waive the benefit of any rule or law or statute requiring that ambiguities be interpreted against the Party preparing the Agreement or causing the ambiguity.

P.  No Admissions. The execution of this Agreement is not to be construed as an admission of liability by either Party, or an acknowledgement by either Party that the other Party's claims have any basis, but is a compromise and settlement of disputed claims.

**IN WITNESS WHEREOF,** the Parties hereto have executed this Agreement as of the day and year written below.

Anthony H. Mason, Chapter 7 Trustee for the Estate of In re: Arthur S. Hoffman Kimberly A. Hoffman, Case No. 2:20-bk-04911-BKM.

_____     Dated: 7-6-20
Anthony H. Mason, Chapter 7 Trustee


_____     Dated: _____
Ameriprise Financial Inc.
By _____, its _____

2935-001 (399933)

4

O.  Interpretation. This Agreement shall be interpreted fairly in light of the intentions of the Parties as set forth in this Agreement. The Parties each hereby waive the benefit of any rule or law or statute requiring that ambiguities be interpreted against the Party preparing the Agreement or causing the ambiguity.

P.  No Admissions. The execution of this Agreement is not to be construed as an admission of liability by either Party, or an acknowledgement by either Party that the other Party's claims have any basis, but is a compromise and settlement of disputed claims.

**IN WITNESS WHEREOF,** the Parties hereto have executed this Agreement as of the day and year written below.

Anthony H. Mason, Chapter 7 Trustee for the Estate of In re: Arthur S. Hoffman Kimberly A. Hoffman, Case No. 2:20-bk-04911-BKM.

_____     Dated: _____
Anthony H. Mason, Chapter 7 Trustee

_____     Dated: 7/7/20
Ameriprise Financial LLC.
By Edward Walton, its VP & Group Counsel

2935-001 (399933)

4